**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARRALYN C. COUNCIL,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:09-cv-1406-Orl-35GJK**

**DEPARTMENT OF VETERANS AFFAIRS, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE) UNION, TIMOTHY LIEZERT, CHARLES COEYMAN, FRANK CASSATA, and DEBORAH BERRY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 51)**
>
> **FILED:** **October 21, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND

On August 31, 2009, *pro se* Plaintiff Darralyn C. Council filed ("Plaintiff") filed an amended complaint (the "Complaint") against the Department of Veterans Affairs, American Federation of Government Employees Union, Timothy Liezert, Charles Coeyman, Frank Cassata, and Deborah

Berry (collectively, the "Defendants"). Doc. No. 11. The gravamen of Plaintiff's Complaint is that the Defendants have wrongfully terminated his employment. *See* Doc. No. 11. The Court granted Plaintiff's motion to proceed in forma pauperis. *See* Doc. No. 3. On September 8, 2009 and October 5, 2009, Plaintiff filed two Motions for Emergency Preliminary Injunctive Relief (the "Motions"). Doc. Nos. 13, 32.

On October 5, 2009, the Court entered an order denying Plaintiff's Motions. Doc. No. 33. In the order, the Court stated the following:

> Plaintiff has not met the heightened burden of persuasion necessary to allow the issuance of a preliminary injunction. First, Plaintiff's Motions do not seek to preserve the status quo of the parties. The gravamen of Plaintiff's suit is that the Defendants have wrongfully terminated his employment . . . and Plaintiff's Motions seek the advance payment of remedies that Plaintiff may or may not be entitled to at the conclusion of his suit. In addition, Plaintiff has not established that he will suffer irreparable harm in the absence of a preliminary injunction. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (citing *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) and *Sampson v. Murray*, 415 U.S. 61, 94 (1974)). In both Motions, Plaintiff's requests for relief are for monetary damages. "Plaintiff will suffer irreparable financial injury in the absence of [the preliminary injunction]." Doc. No. 13. "Without Emergency Temporary Injunctive Relief to alleviate economic hardship plaintiff will suffer irreversible financial damages." Doc. No. 32 at 8. By definition, monetary injury is not irreparable as it is susceptible to repair by the payment of money. Further, Plaintiff's Motions are silent as to "proof that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party" and whether the public interest will be adversely affected by his request. Thus, Plaintiff has not prevailed on all four prerequisites and has not clearly carried the burden of persuasion for the issuance of "an extraordinary and drastic remedy."

Doc. No. 33 at 2-3. On October 21, 2009, Plaintiff filed a Notice of Appeal for Emergency Temporary Injunctive Relief (the "Notice"), Brief in Support of Motion for Emergency Temporary Injunctive Relief (the "Brief"), and Motion to Appeal In Forma Pauperis (the "Motion"). Doc. Nos. 50-51. In the Notice and Brief, Plaintiff largely argues the merits of the underlying case and does not address any errors allegedly made by the Court in its October 5, 2009 order. *See* Doc. Nos. 50-51. The Motion is presently before the Court.

## II. APPLICABLE LAW

Section 1915 of 28 U.S.C. and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \* \* \*
>
> **(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis added). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929

(W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## III. ANALYSIS

The undersigned recommends that Court find that Plaintiff's appeal is not taken in good faith because it is legally frivolous. In the Motions, Plaintiff sought "the advance payment" of monetary damages arguing that otherwise an irreparable harm would result. *See* Doc. No. 33 at 2. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). In order to establish an irreparable harm or injury, a party must show that remedies at law, such as monetary damages, are inadequate to compensate for that injury. *Ebay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006). As the Court stated in its order, "'[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies.'" Doc. No. 33 at 2 (quoting *Cunningham*, 808 F.2d at 821). In the Motions and in the appeal, Plaintiff is arguing that he will suffer an irreparable injury if he is not provided with money damages prior to a resolution of the litigation. Plaintiff is not be entitled to the extraordinary equitable remedy he seeks because he has an adequate remedy at law, i.e. monetary damages. Thus, the undersigned recommends that the Court **DENY** the Motion and certify that the appeal is not taken in goof faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on November 6, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties